UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

TIMOTHY A. JOHNSON,

                 Plaintiff,

         v.

STATE TROOPER DUCHARME #8724,
STATE TROOPER MOHAMED #7906,
and STATE TROOPER
SUPERINTENDENT COLONEL
PATRICK CALLAHAN,

                 Defendants.

-----------------------------------------------------x

**MEMORANDUM AND ORDER**

24-CV-5107 (RPK) (JRC)

RACHEL P. KOVNER, United States District Judge:

       Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and New Jersey state law in connection with his arrest on the New Jersey Turnpike.  *See* Compl. (Dkt. #1). Defendants move to dismiss, arguing, *inter alia*, that the Court lacks subject-matter jurisdiction over claims against defendants in their official capacities due to sovereign immunity and that venue is improper.  *See* Mot. to Dismiss 2–4, 9 (Dkt. #15).  Plaintiff moves to transfer venue to the District of New Jersey.  *See* Mot. to Change Venue (Dkt. #24).  As explained below, plaintiff's claims against defendants in their official capacities are dismissed.  The rest of the case is transferred to the District of New Jersey for consideration of defendants' remaining dismissal arguments and all further proceedings.

## BACKGROUND

       The following facts are taken from the complaint and assumed true for the purpose of this order.  At approximately 3:00 a.m. on July 2, 2023, plaintiff was arrested by defendants Ducharme

and Muhammad* on the New Jersey Turnpike.  Compl. 4.  Plaintiff alleges that the arrest was "without probable cause" because he "could never ha[ve] broken an[y] traffic law" given he "was not driving the car."  *Ibid.*  He further alleges that Ducharme and Muhammad denied him medical treatment, and that defendant Callahan "failed to properly train[]" them.  *Ibid.*

Plaintiff filed this lawsuit, which brings claims against all defendants for false arrest and unreasonable search and seizure in violation of the Fourth Amendment, violation of plaintiff's right to due process under the Fifth and Fourteenth Amendments, and denial of medical treatment in violation of the Fifth and Fourteenth Amendments.  *See id.* at 2–3.  The complaint also asserts that defendants' denial of medical treatment violated New Jersey state law.  *Id.* at 3.  Plaintiff states that all defendants are sued in their official capacities, and that defendants Ducharme and Muhammad are also sued in their individual capacities.  *See id.* at 2–3.  He seeks monetary damages.  *Id.* at 5.

Defendants move to dismiss the complaint.  They argue that the Court lacks subject matter jurisdiction over plaintiff's claims against defendants in their official capacities because those claims are barred by sovereign immunity.  *See* Mot. to Dismiss 2–4.  They also argue that the Court lacks personal jurisdiction over defendants, that venue is improper in this district, and that plaintiff has failed to state a claim.  *See id.* at 4–16.  In the alternative, defendants request that the case be transferred to the District of New Jersey.  Reply 4 (Dkt. #21).  Plaintiff opposes the motion to dismiss, but concedes that venue is improper and asks that the case be transferred to the District of New Jersey in the interest of justice under 28 U.S.C. § 1406(a).  *See* Mot. to Change Venue.

---

* The caption on plaintiff's complaint uses the surname "Mohamed," *see* Compl. 1, but defendant's filings use the surname "Muhammad," *see* Mot. to Dismiss 1, so the Court adopts that spelling here.

**DISCUSSION**

Plaintiff's claims against defendants in their official capacities are dismissed because they are barred by sovereign immunity. Plaintiff's remaining claims are transferred to the District of New Jersey for consideration of the remainder of defendants' motion and all further proceedings.

**I.    Official Capacity Claims**

Plaintiff's claims against defendants in their official capacities are dismissed because they are barred by sovereign immunity. Courts routinely dismiss claims as barred by sovereign immunity before considering a motion to change venue. Some reason that sovereign immunity disputes should be settled first because claims of sovereign immunity implicate a court's subject matter jurisdiction, and "[w]ithout subject-matter jurisdiction, the Court is without power to effect the relief plaintiffs seek, *i.e.*, transfer of venue." *See Yun Chi v. Parajon*, No. 20-CV-9042 (PAE), 2020 WL 6700584, at *2 (S.D.N.Y. Nov. 13, 2020) (collecting cases). Other courts simply find that it would not be in the interest of justice to transfer claims that are "doomed" on "significant immunity grounds." *Dudla v. Jordan*, No. 1:14-CV-889 (LEK) (RFT), 2015 WL 403079, at *7 (N.D.N.Y. Jan. 29, 2015); *see, e.g.*, *Salazar-Ruiz v. Cox*, No. 24-4052 (DDC) (GEB), 2024 WL 5106684, at *12 (D. Kan. Dec. 13, 2024) (transfer was not in the interest of justice in part because "sovereign immunity likely applies, which means plaintiff is unlikely to succeed on the merits"); *Sanchez-Mercedes v. Bureau of Prisons*, 453 F. Supp. 3d 404, 430 (D.D.C. 2020) (transfer was not in the interest of justice because sovereign immunity presented an "obvious defect[]" in the claims), *aff'd*, 2021 WL 2525679 (D.C. Cir. June 2, 2021).

Plaintiff's claims against defendants in their official capacity are barred by sovereign immunity. Sovereign immunity extends to "actions for the recovery of money from the state" against "state agents." *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015) (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Hans v. Louisiana*, 134 U.S. 1, 15

3

(1890)). A lawsuit brought against officials of a government entity in their official capacities is "in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001). Because plaintiff's claims for damages under Section 1983 and state law against defendants in their official capacities are effectively "actions for the recovery of money from the state," *Leitner*, 779 F.3d at 134, sovereign immunity bars them. Moreover, "it is well established that Congress did not abrogate state sovereign immunity in enacting [Section] 1983." *Sargent v. Emons*, 582 F. App'x 51, 52 (2d Cir. 2014) (citing *Quern v. Jordan*, 44 U.S. 332, 345 (1979)). Accordingly, plaintiff's claims against defendants in their official capacities are dismissed without prejudice.

## II.    Remaining Claims

Plaintiff's remaining claims are transferred to the District of New Jersey in the interest of justice under 28 U.S.C. § 1406(a). If venue is improper, "[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may transfer a case under Section 1406 even if it lacks personal jurisdiction over the defendant. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465–66 (1962); *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005). Here, the parties agree that venue is improper in the Eastern District of New York and is proper in the District of New Jersey as to plaintiff's remaining claims, *see* Mot. to Dismiss 9; Reply 4; Mot. to Change Venue, but they dispute whether transfer is in the interest of justice, *see* Opp'n to Mot. to Change Venue 2 (Dkt. #25).

The "functional purpose of [S]ection 1406(a)" is to "remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Bolar*

*v. Frank*, 938 F.2d 377, 380 (2d Cir. 1991) (quoting *Goldlawr*, 369 U.S. at 466–67).  Courts therefore "enjoy considerable discretion in deciding whether to transfer a case in the interest of justice."  *Daniel*, 428 F.3d at 435.  Transfer may be required "in order that the plaintiff not be penalized by . . . time-consuming and justice-defeating technicalities."  *Goldlawr*, 369 U.S. at 467 (quotation marks and citation omitted).  Transfer is not in the interest of justice, however, if the case is a "sure loser."  *Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011) (quotation omitted); *accord Daniel*, 428 F.3d at 436.  The Second Circuit also considers any prejudice transfer may cause the defendant, *Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 80–81 (2d Cir. 1978), and whether transfer "would reward plaintiffs for their lack of diligence in choosing a proper forum," *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992).

Under these principles, it is in the interest of justice to transfer this case to the District of New Jersey.  Transfer is appropriate because "dismissal would require *pro se* [p]laintiff to incur additional filing costs," and because "re-filing . . . in the appropriate district would delay the proceeding."  *Gonsalves-Carvalhal v. Aurora Bank, FSB*, No. 12-CV-2790 (MKB), 2014 WL 201502, at *7 (E.D.N.Y. Jan. 16, 2014); *see, e.g.*, *Marshall v. Caudill*, No. 23-CV-1998 (RA), 2023 WL 5101565, at *3 (S.D.N.Y. Aug. 9, 2023); *Garland v. Carter*, No. 22-CV-3462 (DG) (CLP), 2022 WL 5110953, at *1 (E.D.N.Y. Oct. 4, 2022); *Nelson v. Wells Fargo Bank, N.A.*, No. 17-CV-4045 (LAP), 2019 WL 2514229, at *11 (S.D.N.Y. June 18, 2019).  Moreover, "the Court cannot conclude that there is no merit to any of [p]laintiff's [remaining] claims" based on nothing more than his *pro se* form complaint.  *Gonsalves-Carvalhal*, 2014 WL 201502, at *7.  "There is no indication" that plaintiff filed in this forum "in bad faith," *Abalu v. Soc'y of Hum. Res. Mgmt., Jennifer McCollum*, No. 24-CV-5917 (LJL), 2025 WL 1019199, at *15 (S.D.N.Y. Apr. 4, 2025), as he believed state law permitted him to file where he resides, *see* Opp'n to Mot. to Dismiss 4

(Dkt. #20).  And defendants "will not be prejudiced by a transfer; in fact, they moved in the alternative for a transfer."  *Nelson*, 2019 WL 2514229, at *11; *see Abalu*, 2025 WL 1019199, at *15; Reply 4.

Accordingly, plaintiff's motion to transfer venue to the District of New Jersey is granted and the remainder of defendants' motion to dismiss is deferred for consideration by that court.  *See Brown v. New York*, 947 F. Supp. 2d 317, 326 (E.D.N.Y. 2013).

## CONCLUSION

Defendants' motion to dismiss is granted in part, and plaintiff's claims against defendants in their official capacities are dismissed without prejudice under Federal Rule of Civil Procedure 12(b)(1).  Plaintiff's motion to transfer venue to the District of New Jersey is also granted, and the remainder of defendants' motion is deferred for consideration by that court.  The Clerk of Court is respectfully directed to transfer this action to the District of New Jersey.


SO ORDERED.

 */s/  Rachel Kovner*
RACHEL P. KOVNER
United States District Judge


Dated: August 28, 2025
       Brooklyn, New York